IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIN MYOSHA, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| FIRST NATIONAL COLLECTION BUREAU, INC., LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES, L.P., and ALEGIS GROUP, LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Min Myosha brings this action to secure redress from unlawful credit and collection practices engaged in by defendants First National Collection Bureau, Inc. ("FNCB"), LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Alegis Group, LLC ("Alegis"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by plaintiff within this District;

   b. Defendants do or transact business within this District.

## PARTIES

9. Plaintiff Min Myosha is an individual who resides in the Northern District of Illinois.

10. Defendant First National Collection Bureau, Inc. ("FNCB") is a Nevada corporation. Its principal office is at 230 South Rock Boulevard, Suite 23, Reno, Nevada 89502. Its principal place of business is 50 West Liberty Street, Suite 250, Reno, NV 89434. Its registered agent is Bradley L. Jardon at that address.

11. FNCB operates a collection agency and uses the mails and telephone in conducting business.

12. FNCB is a debt collector as defined in the FDCPA.

13. Defendant LVNV Funding, LLC ("LVNV") is a limited liability company

organized under Delaware law with offices at 6801 S. Cimarron Rd., Ste 424-J, Las Vegas, NV 89113. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

14. LVNV is engaged in the sole business of purchasing allegedly defaulted debts incurred for personal, family or household purposes.

15. LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

16. LVNV attempts to collect the purchased debts by filing suit to collect them and by having its affiliate Resurgent dun consumers or arrange for collection agencies to dun consumers.

17. The sole source of income of LVNV is the liquidation of consumer debts purchased after default.

18. LVNV has been the plaintiff in more than 1,000 collection lawsuits that have been pending during the year prior to the filing of this action.

19. LVNV holds a debt collection license from the state of Illinois.

20. The mails and telephones are regularly used in the process of collecting the debts LVNV purchases, including in connection with the lawsuits filed by LVNV.

21. LVNV Funding, LLC is a "debt collector" as defined in the FDCPA.

22. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a limited partnership entity organized under Delaware law with principal offices at 55 Beattie Place, Suite 110, Greenville, SC 29601. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

23. Resurgent operates a collection agency.

24. Resurgent holds one or more collection agency licenses.

25. Resurgent uses the mails and telephones to collect debts owed to other entities, including LVNV.

26. Resurgent is a debt collector as defined in the FDCPA.

27. Defendant Alegis Group, LLC ("Alegis") is a limited liability company organized under Delaware law with principal offices at 55 Beattie Place, Suite 110, Greenville, SC 29601. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

28. Alegis is the sole general partner of Resurgent. As such, the acts of Resurgent are attributed to it.

### RELATIONSHIP BETWEEN LVNV AND RESURGENT

29. Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

30. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

31. LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

32. LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may

perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

33. The above statements continue to describe the relationship between LVNV and Resurgent.

34. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

35. On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

**FACTS RELATING TO THE PLAINTIFF**

36. On or about June 12, 2018, FNCB, on behalf of LVNV and acting at the direction of Resurgent, sent plaintiff the letter attached as Exhibit A.

37. On information and belief, Exhibit A sought to collect a judgment entered in favor of Arrow Financial Services and against Min Myosha in Kendall County, Illinois, in 2008.

38. The debt was charged off prior to suit being filed.

39. Exhibit A did not provide the date of the judgment.

40. According to Exhibit A, the underlying debt was a credit card issued to pay for medical services.

41. Exhibit A states, "Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations."

42. The underlying debt was older than 7 years after chargeoff or 7.5 years after the date of the delinquency that resulted in chargeoff ("first delinquency"), and thus could no longer be reported by the current account owner.

43. Credit bureaus do not obtain information about judgments from creditors. They obtain them from the public records, directly or through vendors. In the past, the credit bureaus generally reported judgments for only seven years.

https://www.nerdwallet.com/blog/finance/how-long-judgment-stay-credit-report/

https://www.transunion.com/customer-support/faqs/credit-basic

44. In July, 2017, the Credit Bureaus stopped reporting most judgments, due to problems matching judgments to consumer files.

https://www.consumerreports.org/consumerist/credit-reports-soon-wont-include-some-tax-lien-civil-judgment-data/

45. The judgment in question does not currently appear on plaintiff's credit report.

46. On information and belief, there is not even an available Metro 2 reporting code the current account owner could use to report a judgment of the sort involved here. Experian's online blog contains an entry in response to a questions from a landlord who wants to report a judgment, Experian responded as follows: "Civil judgments like the one you describe are a debt owed through the court. In the past, the judgment would have become part of your previous tenant's credit report with no action on your part. However, Experian no longer shows judgment and tax lien information as part of a consumer's credit history. Bankruptcy is now the only public record information that is collected routinely by the national credit reporting companies, including Experian."

https://www.experian.com/blogs/ask-experian/judgments-no-longer-included-on-credit-report/

47. Thus, when Exhibit A was sent to plaintiff, it was not possible for "the current account owner" to report anything that would appear on an ordinary credit report pertaining to plaintiff.

**FACTS - GENERAL**

48. FNCB, LVNV and Resurgent regularly seek to collect debts where more than 7.5 years have elapsed since first delinquency or 7 years since chargeoff.

49. To state with respect to such debts that "a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations" is materially misleading.

50. FNCB included the false statements in its letters as scare tactic because many consumers have a great deal of concern for their credit standing, and will make payments on disputed in order to prevent the debt from being reported.

51. FNCB regularly sends letters in the form of Exhibit A on such debts.

52. FNCB regularly sends letters in the form of Exhibit A on such debts on behalf of LVNV and Resurgent.

### COUNT I – FDCPA

53. Plaintiff incorporates paragraphs 1-51.

54. The statement about credit reporting in Exhibit A is materially misleading.

55. It is the policy and practice of FNCB, LVNV and Resurgent to send and cause the sending of letters referring to credit reporting on debts by the current account owner where more than 7.5 years have elapsed since first delinquency or 7 years since chargeoff.

56. FNCB, LVNV and Resurgent thereby engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(8), and 1692e(10).

57. Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be**

> **false, including the failure to communicate that a disputed debt is disputed. . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

58.    Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

59.    Class A consists of (a) all individuals with Illinois, Indiana or Wisconsin addresses (b) to whom First National Collection Bureau, Inc. (c) sent a letter referring to credit reporting by the current account owner (d) concerning a debt where more than 7.5 years have elapsed since first delinquency or 7 years since chargeoff, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

60.    Class B consists of (a) all individuals with Illinois, Indiana or Wisconsin addresses (b) to whom a letter was sent (by anyone) on behalf of LVNV (c) referring to credit reporting by the current account owner (d) concerning a debt where more than 7.5 years have elapsed since first delinquency or 7 years since chargeoff, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

61.    On information and belief, each class is so numerous that joinder of all members is not practicable.

62.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether a letter referring to credit reporting by the current account owner and relating to a debt that is so old that it cannot appear on an ordinary credit report violates the FDCPA.

63. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

64. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

65. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Cassandra P. Miller
Mary Frances Charlton
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

　　　　　　　　　　　　　　　　*/s/ Daniel A. Edelman*
　　　　　　　　　　　　　　　　Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
　　& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)